With your argument now in the case of Pierce v. Whiteside School District. Mr. Schuh. Good morning. My name is Mark Schuver and I do represent the Pierce family. I, if it pleases the court, counsel, when the district court dismissed my client's discrimination claims under the ADA, the Rehab Act, and state law, it did so not having the benefit of the decision in Luna Perez v. Sturgis Public Schools. In Perez, the court made clear that the exhaustion requirement under the IDEA only comes into play if two elements are met. Number one, under the Freight analysis, that the crux or gravamen of the non-IDEA federal claims deals with a free, appropriate public education of faith. And number two, more importantly, and which is centered on the express language of the IDEA, specifically Section 1415L, the remedy sought must be one available under the IDEA. Both elements must be met, but here the district court looked only at that first element, the gravamen of the complaint, without taking into consideration the remedy that was being sought. Mr. Schuver, forgive me, in Perez, as far as I can tell, the plaintiff had requested only relief that was not available under the IDEA, compensatory damages. In this case, the complaint in Count 7 seeks relief for denial of a free, appropriate public education, and the request for relief sought also includes, quote, all other relief that the court deems just and proper. By including this, wasn't the plaintiff here asking for compensatory relief and possible equitable relief? You see, your brief states that you asked only for compensatory damages, along with prejudgment, interest fees, and costs. But that isn't quite correct, because you also asked, as I just noted, for any other relief the court deems just and proper. And the Individuals with Disabilities Education Act, or IDEA. No, Judge, because the court would not have had the jurisdiction or authority to do that, because if exhaustion was in fact required, it could not have ruled on that. And in Perez, the court specifically addressed if that were true, the remedy is not to dismiss the entire lawsuit. In Perez, the court specifically referenced, when there is a mix of relief, that the court would just either bar that No, we are not. Under no circumstance, we've made that clear. We made that clear before the district court. We've made that clear before this court. The only thing we are seeking is compensatory relief. Of course, I think probably every pleading that everybody drafts has that tag-along language about all other relief that the court deems just and proper. It's just boilerplate, and why we all do it, I'm not even certain. I'm sure today you're not certain. What do you say about the Federal Rules of Procedure, which say that the prevailing party gets the relief to which he's entitled, no matter what he asks for? That would be true, Judge, and we would not be entitled if in fact there would be an exhaustion requirement. So the court could not grant such relief. The problem is that the school was not accurately carrying out an educational plan. The relief to which the prevailing party is entitled is to carry out such a plan. The relief we are seeking, this is no different, Judge, than if I walked into a movie theater and somebody said, I don't care that you're deaf. Get out of here. I'm not letting you see a movie. Or I'm not letting you use the devices that you probably have here in this courtroom for people who are hearing impaired. If you were to tell me and I'm hearing impaired that I could not stand before you and present an argument, I believe I would have an ADA claim. I believe I would have a Rehab Act claim. And this is no different. The context in this case was it was in a school. But that doesn't mean, and in fact, both in Frey and in Perez, the Supreme Court made clear, there's going to be overlap. There's no question. So that overlap does not defeat any of these claims. The bottom line is, Judge, Your Honors, that the only damages we are seeking here are compensatory. Furthermore, this was not a jurisdictional issue. This was something that was strictly something that should have been raised as an affirmative defense. That's what happened in Frey. That's why the court had to remand it back down to the district court because there was not an accurate record. There was no discovery. And that's exactly what happened here. So I would like to reserve the rest of my time, but we are asking that this be reversed and remanded. Thank you. Certainly, Counsel. Ms. Lampernakos. Good morning, Your Honors. May it please the Court, Counsel. I think the plaintiff relies on Perez, but I think it's a, Perez, we have to understand that there's a clear distinction between what was happening in Perez and what we have in this complaint that's been filed in this case. In Perez, the IDEA issues, the FAPE issues were all resolved. The only thing moving forward in that case was the discrimination claim. Here, that's not the case. We have a complaint. But why do you think it makes the difference? I think it makes a difference, Your Honor, because in this case, we have a complaint that contains not only a count that specifically asks for relief under FAPE, but we have, out of 126 paragraphs, 71 of those paragraphs specifically either relate to and identify the IEP, or they reference the failure to implement the IEP. So I think that's a very important distinction. And for counsel, you know, for now we're saying we're only seeking compensatory damages. For purposes of this appeal, we're limited to what his complaint is asking for. And part of his complaint is asking for remedies that are available under IDEA. But how is this different in the Perez case where the Supreme Court explains that the might be barred or deferred. However, it doesn't prevent the ADA claim from moving forward. And so I guess where I'm trying to get clarity on is in Perez, there was a settlement agreement on the IDA claims. And where in the Perez decision did the court kind of use that as the linchpin for why the case could move forward? Well, I think, Your Honor, the fact is that Perez didn't deal with that specific issue because it wasn't a part of that case. There wasn't an IDEA aspect to that case because it was already resolved. I reviewed the Perez complaint. There isn't a single allegation in that complaint that relates to an IEP or the failure to implement an IEP. Where in this case, the complaint is full of those references. So again, we're bound by what this complaint is alleging. And the allegations, the gravamen of these allegations, which is an analysis that Fry took on and what the district court relied on in this case was it is all relating to the failure to implement the IEP. And in terms of the remedies that the plaintiff puts on the paper, just because he's saying he's only looking for compensatory damages, you have to look at what the complaint says. But the Supreme Court was clear that Fry didn't deal with this issue. Fry said, the Supreme Court in Perez says, Fry doesn't deal with the issue that's presented before us. The issue before us now is whether or not a past denial, right, of claims that could be brought under the IDEA may nonetheless proceed. Can they proceed without exhaustion? If the relief that you're requesting cannot be provided under the IDEA, the compensatory damages, if you agree, counsel, cannot be brought forth under the IDEA. Correct. That is a true statement, Your Honor. But I think, again, we have to look at what this complaint is saying. In the Perez decision, the court wasn't really dealing with that detail because that complaint didn't allege clearly and specifically violations of the IEP. They were dealing with an ADA claim. And I think, I guess, where I'm losing, I guess, your explanation of the distinction of Perez, there's a particular example, a I'm going to read it so that I can make sure that I understand the distinction that you're making. It says, under our view, for example, a plaintiff who files an ADA action seeking both damages and the sort of equitable relief IDEA provides may find his request for equitable relief barred or deferred if it has yet to exhaust section 1415F and G. Correct. And I don't disagree with that. However, here we're dealing with an IDEA issue that's still live. It hasn't been resolved. And I think that's the crucial distinction. It hasn't been resolved. And I think the district court went to great lengths to look at the allegations in this complaint and parse out what exactly is this complaint looking for. We're not only bound by the relief that the plaintiff sets out. We have to look at exactly what their allegations are and what their allegations are looking for or what relief those allegations are looking for. Now, if this was a purely ADA claim and wasn't replete with mentions of the IEP and the failure to implement the IEP, we might have a different case. But the allegations of the complaint are. And the allegations of the complaint, as I said, 71 of the allegations of 126-paragraph complaint all deal with a failure to implement the IEP. And it contains an actual count for a failure to implement the IEP. And that count, at a minimum, that count would have to be abandoned if the ADA claims were going to go forward. Because they're actually seeking that remedy. And I think another important distinction, not a distinction, another point that I'd like to make is, you know, the district court, when it did dismiss the case, it did it without prejudice. Plaintiffs were allowed to go and replete. They chose not to. If there was some, you know, ambiguity about what they were seeking in their complaint, the district court gave them the opportunity to replete. And they didn't do that. So, I'm sorry. Well. Do you know if that throwaway request that plaintiffs always include was included in the Perez complaint? I have the Perez complaint. If you can indulge me for a moment, I think I can answer that. I hate to take up your time, but I am wondering. Sure. They were looking for injunctive, equitable and injunctive relief, compensatory damages, attorney's fees, and it does say and any other relief deemed necessary. Good. But, again, I think as we've kind of established already, Your Honor, that that is a phrase that we all use, I think. I think we have to really look at the allegations in this complaint as the district court judge did and really pin down what we are dealing with. And if you look at the allegations in this complaint, there's no question that it is to implement the IEP. The failure to implement the IEP, the failure to train the teachers on the IEP, it's 71 paragraphs of that. And I don't think we can get away from that. And I think, I'm sorry, and I think another point that's worth making is if we, if this case is remanded and we are forced to proceed on the complaint as it is currently styled, we're going to be in a situation where the district court is going to have to make rulings on the sufficiency of these educational services that are spelled out in the IEP. And the whole purpose of IDEA was to have specialized hearing judges who are trained in these educational services to hear and address those questions. If there are no further questions, I thank you, Your Honors, for your time. Thank you, Counsel. Anything further, Mr. Shuman? Yes. With respect to the alleged distinction in Perez about that case being resolved, that is not what the court hung its hat on. And in fact, what opposing counsel is essentially saying is we would have had to have exhausted our remedy. And that's what Perez is saying, we don't have to do. And in fact, what Perez is saying is we could have gone straight to the courthouse. We didn't in this case, but we could have gone straight to the courthouse without having filed any administrative proceeding at all because we are seeking solely compensatory damages. That's it. Nothing else. Judge Pryor, you correctly cited the language from Perez about mixed relief. We don't have to assume that there is any mix, these 71 paragraphs, whatever they are, that could be dealt with in a less egregious way than dismissing the entire case. As Perez said, you either bar those portions that are mixed or you defer them until there is exhaustion. This could have easily been remedied by the court simply stating that they were allowing leave to amend. But this was a drastic, drastic end to my client's case. We are not limited in our remedies. Both Perez and Fry clearly stated that the plaintiff is the master of her claim. She identifies the remedy and is subject to exhaustion based on that choice. Again, we would ask that this court reverse the dismissal and remand this case for further proceedings. Thank you. Thank you, counsel. The case is taken under advisement.